# Exhibit A

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** CV 11-03472 SJO (SSx) | **DATE:** August 8, 2011 |
| **TITLE:** G Ray Kerciu v. Mercedes-Benz USA, LLC | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Victor Paul Cruz | Not Present |
| Courtroom Clerk | Court Reporter |

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                             Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT'S MOTION TO STRIKE** [Docket No. 9] **AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** [Docket No. 10]

These matters are before the Court on Defendant Mercedez-Benz USA, LLC's ("Defendant") Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Based on Federal Rule of Civil Procedure ("Rule") 8, 9(b), and 12(b)(6) ("Motion") filed on June 24, 2011.[1] Defendant also filed a Motion to Strike Class Allegations concurrently with its Motion to Dismiss. Plaintiff G Ray Kerciu ("Plaintiff") timely filed an Opposition to which Defendant replied. The Court found these matters suitable for disposition without oral argument and vacated the hearings set for August 1, 2011. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART and Defendant's Motion to Strike is DENIED.

I.      BACKGROUND

Plaintiff alleges that in 2003, he purchased a 2003 Mercedes-Benz SL500 ("Class Vehicle"). The Class Vehicle was accompanied by a New Vehicle Limited Warranty that provided coverage only for the first four years or 50,000 miles of the vehicle's life. (Request for Judicial Notice ("RJN") Ex. A at 3.) In 2011, Plaintiff alleges that a metal partition in the fuel tank, called the "baffle," detached and floated freely inside the tank, creating a loud and annoying rumbling sound. (First Amended Complaint ("FAC") ¶ 6.) When Plaintiff brought the Class Vehicle for repair, despite expiration of the New Vehicle Limited Warranty, Plaintiff alleges he received a "one time post warranty consideration" and given a discount of around $800.00. (FAC ¶ 7.) Plaintiff alleges that he paid approximately $2,022.75 to replace the defective fuel tank. (*Id.*)

---

[1] Defendant also requests the Court to take Judicial Notice of excerpts from the New Vehicle Limited Warranty for Plaintiff's 2003 Mercedes-Benz SL500 and an excerpt from a document entitled: Questions and Answers About SB 486 (Rosenthal). The Court GRANTS Defendant's request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 11-03472 SJO (SSx)     DATE: August 8, 2011

Plaintiff alleges that the fuel tank was designed and manufactured defectively because, with time, metal fatigue caused the baffle to break off and float freely inside the fuel tank. (FAC ¶ 10.) Plaintiff alleges that this creates a safety risk. Plaintiff alleges that when the fuel level inside the fuel tank is low, fuel fumes mix with air to fill the volume of the fuel tank. As a result, a broken baffle could strike the inside wall of the fuel tank and cause a spark and subsequent explosion. (*Id.*) Alternatively, Plaintiff alleges that in the event of an accident, the broken baffle can puncture the wall of the fuel tank from inside and cause the fuel to leak and subsequently explode. (*Id.*)

On April 22, 2011, Plaintiff initiated the instant action on behave of himself and all persons in the state of California who purchased or leased model years 2003 and 2004 Mercedez-Benz SL500 cars ("Proposed Class"). On June 10, 2011, Plaintiff filed a First Amended Complaint ("FAC") alleging: (1) violation of California Consumer Legal Remedies Act ("CLRA") section 1750; (2) violation of California Business and Professions Code section 17200 ("section 17200"); and (3) breach of implied warranty under the Song Beverly Act. Plaintiff's claims are based on Defendant's purported false representation that: (1) the SL500 is the quintessential two-seat roadster, endowed with unparalleled elegance and effortless performance; (2) the SL500 is suitable for aggressive and spirited driving; and (3) the SL500 is of superb safety and durability, which exceeds any two-seat roadster on the market. Plaintiff also alleges that Defendant failed to disclose information regarding the defective fuel tanks. On June 24, 2011, Defendant filed the instant Motion to Dismiss.

II.     DISCUSSION

    A.     Motion to Dismiss

        1.     Legal Standard under Federal Rules of Civil Procedure 12(b)(6), Rule 8(a), and Rule 9(b)

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). In considering a motion to dismiss, a court must accept as true the allegations of the complaint in question. *Hosp. Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976) (citation omitted). The Court is required to construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [a] claim . . . ." *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990) On a motion to dismiss pursuant to Rule 12(b)(6), the Court must limit its review to the four corners of the operative complaint and may not consider facts presented in briefs or extrinsic evidence. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 11-03472 SJO (SSx)                    DATE:  August 8, 2011

A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a [claim]." *Id.* at 554; *see also In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993) ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").  Thus, dismissal is proper if the claim lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To plead sufficient facts, a party must proffer "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547.  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see Ileto*, 349 F.3d at 1200.  Furthermore, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "Rule 9(b) demands that when averments of fraud are made, the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted).  Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged, setting forth "what is false or misleading about a statement, and why it is false." *Id.*  A complaint that fails to meet these standards will be dismissed. *Id.* at 1107.

    2. California Consumer Legal Remedies Act Section 1750

Plaintiff's claims concern the purported safety defect in the fuel tank of the Class Vehicle and Defendant's failure to disclose the same.  Plaintiff alleges that Defendant violated provisions of the CLRA because the fuel tank creates a safety risk and that Defendant failed to disclose such information. (FAC ¶¶ 25, 27, 28.)  The pleading standard, under California law, for CLRA claims based upon non-disclosure is set forth in *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824 (2006); *see also Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255 (2006).  In *Daugherty*, the plaintiffs alleged that Honda violated the CLRA because it was aware that as a result of a defect in the engine, an oil leak could develop that could eventually lead to total engine failure outside Honda's warranty. *Daugherty* expressly rejected the notion that a manufacturer can be liable under the CLRA for failure to disclose a defect that manifests itself after expiration of the warranty period.  144 Cal. App. 4th at 835-36.  The *Daugherty* court, however, created exceptions if: 1) the omission is "contrary to a representation actually made by the defendant"; or 2) the omission pertains to "a fact the defendant was obligated to disclose," e.g., facts relating to product safety. *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 969 (N.D. Cal. 2008) (citing *Daugherty*, 144 Cal. App. 4th at 835.)  Plaintiff does not dispute that the New Vehicle Limited

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** CV 11-03472 SJO (SSx) | **DATE:** August 8, 2011 |

Warranty on the Class Vehicle has already expired. However, Plaintiff contends that Defendant should still be liable under the CLRA because Defendant made false representations and failed to disclose material information regarding the safety concerns for the defective fuel tank.

        a.       <u>Misrepresentation</u>

Plaintiff contends that Defendant has represented to Plaintiff and the Proposed Class that the Class Vehicle had characteristics and benefits that the car did not have. (FAC ¶ 25.) Specifically, Plaintiff alleges that Defendant made the following representations: (1) SL500 is the quintessential two-seat roadster, endowed with unparalleled elegance and effortless performance; (2) SL500 is suitable for aggressive and spirited driving; and (3) SL500 is of superb safety and durability, which exceeds any two-seat roadster on the market. (*Id.*)

Generalized, vague, and unspecified assertions constitute "mere puffery" on which a reasonable consumer could not rely. *Glen Holly Ent'mt, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1005 (9th Cir. 2003); *Summit Tech., Inc. v. High–Line Med. Instruments, Co.*, 933 F. Supp. 918, 931 (C.D. Cal. 1996) ("Puffery is often described as involving outrageous generalized statements, not making specific claims, that are so exaggerated as to preclude reliance by consumers."); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005). "While product superiority claims that are vague or highly subjective often amount to non[-]actionable puffery, . . . misdescriptions of specific or absolute characteristics of a product are actionable." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997).

Plaintiff has failed to sufficiently allege any specific statements by Defendant that were false about the Class Vehicle other than the three generalized statements. Plaintiff argues that due to the defect of the fuel tank, Defendant made false representations about the SL500s. However, Plaintiff relied on vague statements of product such as "the quintessential roadster" that is "suitable for aggressive and spirited driving" and is of "superb safety and durability." Plaintiff has failed to allege how these generalized statements relate a defective fuel tank. A such, Plaintiff has only provided non-actionable puffery and a reasonable consumer would not have relied on such vague statements in determining a condition of a fuel tank. *See Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351 (2003) (holding that "crystal clear digital video" and "CD-quality audio" were non-actionable puffery, while representations that customers would receive "50 channels" and a "7-day schedule" were actionable misrepresentations); *see also Brothers v. Hewlett-Packard Co.*, No. C-06-02254, 2006 WL 3093685, at *4-*5 (N.D. Cal. 2006) (rejecting "high-performance" and "top of the line" as mere puffery); *see also Long v. Hewlett-Packard Co.*, No. C 06-02816, 2007 WL 2994812, at *7 (N.D. Cal. 2007) (rejecting "reliable mobile computing solution" and "do more on the move" as puffery). The court has not been able to glean any false statements of fact made by Defendant based on Plaintiff's Complaint.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's misrepresentation claim.

CASE NO.: CV 11-03472 SJO (SSx)     DATE: August 8, 2011

      b.    <u>Failure to Disclose</u>

Plaintiff also argues that Defendant failed to disclose during the time of Plaintiff's purchase of the Class Vehicle that the fuel tank was defective. "Under California law, there are four circumstances in which an obligation to disclose may arise: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *Limandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997); *Cirulli v. Hyundai Motor Co.*, No. SACV 08–0854, 2009 WL 5788762, at *3 (C.D. Cal. June 12, 2009).

"[W]here, as here, a plaintiff's claim is predicated on a manufacturer's failure to inform its customers of a product's likelihood of failing outside the warranty period, the risk posed by such asserted defect cannot be 'merely' the cost of the product's repair . . . ; rather, for the omission to be material, the failure must pose 'safety concerns.'" *Smith v. Ford Motor, Co.*, No. C-06-00497, 2010 WL 3619853 at *4 (citing *Daugherty*, 144 Cal. App. 4th at 835–38). "In other words, under California law, and as recently described by the Ninth Circuit: 'A manufacturer's duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue.'" *Id.* (citing *Oestriecher v. Alienware, Corp.*, 322 Fed. Appx. 489, 493 (9th Cir. 2009)) (affirming the dismissal of CLRA, UCL and fraudulent concealment claims because plaintiff failed to allege that defendant had 'affirmatively misrepresented its products' or that the alleged defect 'posed a threat to his own safety or the safety of others').

Here, Plaintiff alleges that the broken baffle creates a substantial safety risk. (Opp'n 8:7-9:3.) Plaintiff alleges that when the fuel level is low, the tank will fill with fuel vapors and air, and in the event of an accident, the broken baffle could cause a spark inside the fuel tank resulting in an explosion. (FAC ¶10.) Plaintiff contends that the Class Vehicles present a safety hazard that is unreasonably dangerous to consumers. (*Id.*) In *Daugherty*, the court dismissed plaintiff's claims precisely because the complaint did not allege a safety defect. *See Daugherty*, 144 Cal. App. 4th at 836. Here, by contrast, Plaintiff has alleged that the baffle broke inside his fuel tank and that it could result in an explosion. In the Court's view, it is not implausible that broken baffle could raise some safety concerns. *See Marsikian v. Mercedes Benz USA, LLC*, No. CV 08-4876 AHM (JTLx), 2009 U.S. Dist. LEXIS 117012, at *16-17 (C.D. Cal. May 4, 2009) (denying a motion to dismiss a CLRA claim where plaintiff alleged that Mercedes Benz air intake systems were "susceptible to clogging" and that the defect could lead to "substantial electrical failure" because "it is not implausible that the [clogging] would cause 'catastrophic engine and electrical system failure' while the car is on the road"); *see also Erlich v. BMW of North America, LLC*, No. CV 10-1151, at *15 (C.D. Cal. Aug. 11, 2010) (denying a motion to dismiss a CLRA claim where "Plaintiff has alleged that he was injured by the defective windshields by having to replace the cracked windshield in his MINIs twice . . . The alleged unreasonable risk of safety created by compromised windshields during rollover accidents is relevant to the materiality of BMW's omissions, and

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: CV 11-03472 SJO (SSx)          DATE: August 8, 2011

Plaintiff has alleged a plausible unreasonable safety risk that would have been material to the reasonable consumer").

Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiff's CLRA claim based on failure to disclose.

         3.       California Business and Professions Code Section 17200

                 a.       Secret Warranty Law

Plaintiff also alleges that Defendant instituted a clandestine program to secretly pay for all or part of replacing the fuel tanks in the Class Vehicle. California's Secret Warranty Law provides that "[a] manufacturer shall, within 90 days of the adoption of an adjustment program, subject to priority for safety or emission-related recalls, notify by first-class mail all owners or lessees of motor vehicles eligible under the program of the condition giving rise to and the principal terms and conditions of the program." Cal. Civ. Code § 1795.92(a); *Smith*, 2010 WL 3619853, at *11. "'Adjustment program' means any program or policy that expands or extends the consumer's warranty beyond its stated limit or under which a manufacturer offers to pay for all or any part of the cost of repairing, or to reimburse consumers for all or any part of the cost of repairing, any condition that may substantially affect vehicle durability, reliability, or performance, other than service provided under a safety or emission-related recall campaign. 'Adjustment program' does not include ad hoc adjustments made by a manufacturer on a case-by-case basis." Cal. Civ. Code § 1795.90(d); *Smith*, 2010 WL 3619853, at *11.

A remedial strategy designed to resolve customer complaints is not classified as an "adjustment program" if it "expressly requires dealers to make decisions on a 'case-by-case' basis, upon consideration of the circumstances pertaining at the time the customer makes the complaint." *Smith*, 2010 WL 3619853, at *12; *Cirulli*, 2009 WL 5788762, at *6 ("'Adjustment program' does not include ad hoc adjustments made by a manufacturer on a case-by-case basis") (citing Cal. Civ. Code § 1795.90)). California's Secret Warranty Law "allows consumers who incur expenses for repairing a condition subject to the adjustment program prior to learning of the program to file a claim for reimbursement with the manufacturer." *Morris v. BMW of N. Am., LLC*, No. C 07–02827, 2007 WL 3342612, at *6 (N.D. Cal. Nov. 7, 2007) (citing Cal. Civ. Code §§ 1795.92(d), (e)).

In *Cirulli*, the court considered whether plaintiff, who was denied warranty coverage for premature corrosion experienced by his Hyundai Sonata, stated a claim under the Secret Warranty Law. *Cirulli,* 2009 WL 5788762, at *6. The plaintiff alleged that Hyundai "reflexively denied warranty claims for [some] repairs as untimely, while quietly paying for repairs for the most vocal [c]lass members on a case-by-case basis." *Id.* He also asserted that Hyundai "repaired or replaced certain customers' sub-frames free of charge due to corrosion outside the warranty period, purportedly as a gesture of 'goodwill.'" *Id*. The court found that such allegations were squarely at odds with plaintiff's claim that the defendant "provide[d] aggrieved Sonata owners with a free

replacement sub-frame as part of a 'silent recall' program." *Id*. The court concluded that the plaintiff had failed to state a claim under the Secret Warranty Law because he failed to allege facts showing that defendant was operating an adjustment program within the meaning of the law. *Id*.

Here, while Plaintiff alleges that the Defendant maintained a secret warranty program to pay all or part of replacing the fuel tank in the Class Vehicle, Plaintiff specifically provides that Defendant provided discounts to those who were "irate" about the prospect of paying for the replacement fuel tank. (FAC ¶ 43.) Because the Complaint alleges that repairs were limited to Defendant's most vocal customers, Plaintiff fails to plead that Defendant had a blanket policy of providing repairs. As in *Cirulli*, Plaintiff's allegations suggest that repairs are made on an ad hoc basis and do not support a secret warranty claim.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's secret warranty claim.

        b.    <u>Fraudulent Concealment</u>

Plaintiff also brings a fraudulent concealment claim under section 17200 based on Defendant's purported failure to disclose Plaintiff and the Proposed Class about the defective fuel tanks. A section 17200 claim predicated on an act of fraud is subject to the heightened pleading standards of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). The elements of an action for fraud and deceit based on concealment are: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression the plaintiff sustained damage. *Hahn v. Mirda*, 147 Cal. App. 4th 740, 748 (2007). Allegations of concealment are subject to the heightened pleading requirements of Rule 9(b). *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 (N.D. Cal. 2008).

As discussed above, Plaintiff sufficiently alleged that Defendant had a duty to disclose information regarding the fuel tank. In the First Amended Complaint, Plaintiff sufficiently alleges that Defendant had knowledge of the defect through pre-release testing date, early consumer complaints, complaints to Mercedes-Benz dealers, testing in response to the complaints, and through data obtained by replacement fuel tanks. (FAC ¶ 33.) Plaintiff alleges that Defendant intentionally concealed the information from Plaintiff and the Proposed Class. (FAC ¶ 30.) Plaintiff alleges that had he known the defect before purchasing the vehicle, Plaintiff would have behaved differently and either paid less for the vehicle or would not have purchased the vehicle at all. (*Id.*) Taking all of Plaintiff's allegations as true, Plaintiff has sufficiently alleged a fraudulent concealment claim under section 17200.

Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiff's section 17200 claim based on fraudulent concealment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 11-03472 SJO (SSx)           DATE: August 8, 2011

    4.    <u>Breach of Implied Warranty</u>

Plaintiff's third claim alleges that Defendant breached the implied warranty of merchantability in violation of the Song Beverly Act. Subject to a sixty-day minimum and one-year maximum, implied warranties exist for as long as express warranties. *See* Cal. Civ. Code § 1791.1(c); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010). Plaintiff's claim fails because his injuries occurred outside the scope of coverage. Plaintiff purchased his car in 2003. (FAC ¶ 5.) The express warranty provided coverage only for the first four years or 50,000 miles of the vehicle. (RJN Ex. A at 3.) Plaintiff alleges that in 2011, the Class Vehicle developed a loud, rumbling noise from a broken baffle inside the fuel tank. (FAC ¶ 9.) Because Plaintiff's express warranty had already expired, at the latest in 2007, Plaintiff's implied warranty also expired.

Plaintiff's claim also falls outside the statute of limitations. California courts have held that the statute of limitations for an action for breach of warranty under the Song Beverly Act is governed by the same statute that governs the statute of limitations for warranties arising under section 2725 of the Uniform Commercial Code. *Jensen v. BMW of N. Am., Inc.* 35 Cal. App. 4th 112, 132 (1995). This statute provides: (1) an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued; and (2) a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *See* U. Com. Code §§ 2725(1), (2). "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.* Plaintiff purchased his car in 2003 but waited until 2011 to bring the instant action. Plaintiff's claim is therefore time barred.

Despite Plaintiff's time limitations set forth under the Song Beverly Act, Plaintiff argues that he has pled a sufficient claim. Plaintiff relies on *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297 (2009). In *Mexia*, the court held that in the case of a latent defect, a product is rendered unmerchantable, and the warranty of merchantability is breached by the existence of the unseen defect, and not by its subsequent discovery. *Id.* The *Mexia* court relied on *Moore v. Hubbard & Johnson Lumber Co.*, 149 Cal. App. 2d 236, 241 (1957) for its conclusion. In *Moore*, the defendant sold lumber to a contractor for use in the construction of a building. The lumber, however, was infested with beetles that ate their way out of the wood, leaving holes in the lumber. The court in *Moore* held that the product was unmerchantable from day one because the defect rendered the lumber unusable and therefore unsaleable for the general use and purpose of the goods. *Id.*

Plaintiff alleges that the fuel tank was defective from the outset, and therefore constitute a latent defect. (FAC ¶ 48.) However, based on Plaintiff's First Amended Complaint, the fuel tank became problematic in 2011, eight years after the purchase of his car. Plaintiff has not alleged that the defect made the car unusable and therefore unsaleable for the general use and purpose

of the car. See *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (1995) ("[I]n the case of automobiles, the implied warranty of merchantability can be breached only if the vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation."). Plaintiff has failed to allege that he was unable to use his vehicle for the purpose of providing transportation.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's implied warranty claim.

  B. <u>Motion to Strike</u>

Under Rule 12(f), the court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike is properly granted where plaintiff seeks a form of relief that is not available as a matter of law. *Rosales v. Citibank, Fed. Savings Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996). In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party. *See California v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981). Thus, "[b]efore granting such a motion . . . the court must be satisfied that there are no questions of fact, that the [claim or] defense is insufficient as a matter of law, and that under no circumstance could [it] succeed." *Tristar Pictures, Inc. v. Del Taco, Inc.*, No. CV 99–07655, 1999 WL 33260839, at *1 (C.D. Cal. Aug. 31, 1999).

Defendant moves to strike the class allegations, contending that Plaintiff cannot meet the requirements of Rule 23. Defendant's motion to strike, however, is premature and therefore denied.

Accordingly, the Court DENIES Defendant's Motion to Strike.

///

///

///

///

///

III. <u>RULING</u>

For the reasons above, the Court GRANTS IN PART Defendant's Motion to Dismiss Plaintiff's misrepresentation claim based on the CLRA; DENIES IN PART Defendant's Motion to Dismiss

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 11-03472 SJO (SSx)           DATE:  August 8, 2011

Plaintiff's failure to disclose claim based on the CLRA; GRANTS IN PART Defendant's Motion to Dismiss Plaintiff's secret warranty claim under section 17200; DENIES IN PART Defendant's Motion to Dismiss Plaintiff's fraudulent concealment claim under section 17200; GRANTS IN PART Defendant's Motion to Dismiss Plaintiff's implied warranty claim.  All dismissed claims are DISMISSED with PREJUDICE.  Plaintiff is ordered to file a Second Amended Complaint on or before August 15, 2011 in strict compliance with this Order.  Defendant is ordered to answer on or before August 26, 2011.

IT IS SO ORDERED.