MICHAEL L. MALLOW (SBN 188745)
mmallow@loeb.com
DENISE A. SMITH-MARS (SBN 215057)
dmars@loeb.com
DARLENE M. CHO (SBN 251167)
dcho@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUI HO, individually, and on behalf of other members of the general public similarly situated, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>TOYOTA MOTOR SALES, U.S.A., INC., <br><br>　　　　Defendant. | Case No.: C 12-02672 SC <br><br>Assigned to Hon. Samuel Conti <br><br>Hearing: <br>Date:　Sept. 21, 2012 <br>Time:　10:00 a.m. <br>Ctrm:　1 – 17th Floor <br>　　　　450 Golden Gate Ave. <br>　　　　San Francisco, CA 94012 <br><br>**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS CLASS ACTION COMPLAINT** <br><br>Complaint filed:  May 24, 2012 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231995.1
212799-10030

DEFENDANT'S REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF ITS MOTION TO
DISMISS CLASS ACTION COMPLAINT

# REQUEST FOR JUDICIAL NOTICE

Defendant Toyota Motor Sales, U.S.A., Inc. ("Defendant" or "Toyota") hereby respectfully submits this Request for Judicial Notice ("RJN") in support of its Motion to Dismiss the Class Action Complaint ("Motion").

Rule 201 of the Federal Rules of Evidence provides, in pertinent part, that "[t]he court may judicially notice a fact that is not subject to reasonable dispute [if] it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Even "if a document is not attached to a complaint, it may [nonetheless] be incorporated by reference into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *U.S. v. Richie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *superceded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir. 2006) ("A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.") (quotation omitted); *Gamboa v. Trustee Corps*, No. 09-7, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (Conti, J.) (in action challenging non-judicial foreclosure, taking judicial notice of certain instruments recorded with county recorder's office because they were central to the plaintiffs' allegations that defendants were not entitled to initiate a foreclosure sale of their property).

This "incorporation by reference doctrine" has been extended "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231995.1
212799-10030

1

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS CLASS ACTION COMPLAINT

1 contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076
2 (9th Cir. 2005).

3   In support of its Motion, Toyota requests that this Court take judicial notice of
4 the documents attached to this RJN for the reasons stated below:

**I.   EXHIBIT 1: RELEVANT EXCERPT OF THE "WARRANTY INFORMATION" PORTION OF THE 2005 LEXUS OWNER'S MANUAL SUPPLEMENT FOR LUXURY UTILITY VEHICLES**

7   The warranty information that accompanied all new 2005 Lexus RX vehicles
8 is contained in a booklet called the "2005 Lexus Owner's Manual Supplement."
9 (the "Warranty Information"). The relevant excerpts from the Warranty Information
10 is attached hereto as Exhibit 1.

11   Plaintiff has asserted a cause of action against Toyota for breach of express
12 warranty under California Commercial Code § 2313. Plaintiff alleges that Toyota
13 "refus[ed] to honor the express warranty by repairing or adjusting . . . the headlights
14 and instead charging for repair and adjustments." Compl., ¶ 129(c); *see also id.*, ¶
15 61 (referring to "Toyota's 4 years/50,000 mile express warranty"). Therefore, the
16 exact terms of the warranty, which Plaintiff claims Toyota breached, are an integral
17 part of Plaintiff's claim. The warranty forms the basis of the Plaintiff's breach of
18 express warranty claim and this Court may properly take judicial notice of it.
19 *Baltazar v. Apple Inc.*, No. 10-3231, 2011 WL 6747884, at *1 (N.D. Cal.
20 Dec. 22, 2011) (taking judicial notice of the materials plaintiffs relied on including
21 the iPad warranty, a web page regarding iBooks, a screenshot of the web-video link,
22 and a 30–second television commercial).

23   In addition, Plaintiff alleges that Toyota violated California's Motor Vehicle
24 Warranty Adjustment Programs Act, Cal. Civ. Code §§ 1795.90–1795.93 (the
25 "Secret Warranty Law"). An "adjustment program" means, among other things,
26 "any program or policy that expands or extends the consumer's warranty beyond its
27 stated limit[.]" Cal. Civ. Code § 1795.90(d). Therefore, the warranty forms the
28 basis of the Plaintiff's Secret Warranty claim since the terms of the warranty are

relevant to determining whether any alleged adjustment program "expand[ed] or extend[ed] the consumer's warranty beyond its stated limit."

## II. EXHIBIT 2: REPAIR ORDER FROM LEXUS OF SERRAMONTE DATED JAN. 12, 2010

Plaintiff alleges that "[o]n or around January 14, 2010, at approximately 50,040 miles, Plaintiff returned to the Lexus dealer complaining of heavy moisture buildup in her passenger side headlamp." Compl., ¶ 20. Because the headlights were covered under the 48-month/50,000-mile warranty, this allegation is presumably intended to support a claim for breach of warranty based on an alleged "refus[al] to honor the express warranty by repairing or adjusting . . . the headlights and instead charging for repair and adjustments." Compl., ¶ 129(c). However, as the Repair Order, attached hereto as Exhibit 2, makes clear, on or around January 14, 2010, Plaintiff's vehicle had 60,040 miles, not 50,040 miles, on the odometer. Thus, assuming Plaintiff was not already beyond the 48-month time-limitation, Plaintiff was **10**,040 miles, not just 40 miles, over the mileage-limitation of the Basic Warranty.

The accuracy and authenticity of the Repair Order cannot reasonably be questioned as it contains Plaintiff's signature.[1] Moreover, the "Promised" date reflected in the Repair Order is the same date Plaintiff alleges the repair was done. The repair work reflected in the Repair Order matches Plaintiff's allegations in the Complaint of the work was the done. Finally, the last three digits of the odometer reading, as reflected in the Repair Order, match Plaintiff's allegation of the odometer reading in her Complaint.

## III. EXHIBIT 3: LEXUS TECHNICAL SERVICE INFORMATION BULLETIN L-SB-0008-10 ("2010 TSIB")

Plaintiff's Complaint makes numerous references to, and quotes liberally from, Lexus Technical Service Information Bulletin L-SB-0008-10 ("2010 TSIB").

---

[1] The Repair Order has been redacted to maintain the privacy of personally identifiable information.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231995.1
212799-10030

3

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS CLASS ACTION COMPLAINT

*See, e.g.*, Compl., ¶¶ 8, 9, 45. Indeed, the Secret Warranty claim is based, in part, on the 2010 TSIB. *Id.*, ¶¶ 55–59. Accordingly, this Court may take judicial notice of the 2010 TSIB under the incorporation by reference doctrine.

Dated: July 9, 2012

LOEB & LOEB LLP
MICHAEL L. MALLOW
DENISE A. SMITH-MARS
DARLENE M. CHO

By: /s/ Darlene M. Cho
  Darlene M. Cho
  Attorneys for Defendant
  TOYOTA MOTOR SALES, U.S.A., INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2231995.1
212799-10030

4

DEFENDANT'S REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF ITS MOTION TO
DISMISS CLASS ACTION COMPLAINT