**United States District Court**
For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9                                    )  Case No. 12-2672 SC
                                     )
10  MUI HO, SHELDA ANGLIN, and TED   )  ORDER GRANTING IN PART AND
    FLORY, individually, and on      )  DENYING IN PART DEFENDANTS'
11  behalf of other members of the   )  MOTION TO DISMISS
    general public similarly         )
12  situated,                        )
                                     )
13             Plaintiffs,           )
                                     )
14        v.                         )
                                     )
15  TOYOTA MOTOR CORPORATION and     )
    TOYOTA MOTOR SALES, U.S.A.,      )
16  INC.,                            )
                                     )
17             Defendants.           )
    _____ )

18

19  **I.   INTRODUCTION**

20        Now before the Court is Defendants Toyota Motor Sales, U.S.A.,

21  Inc. ("TMS") and Toyota Motor Corporation's (collectively

22  "Defendants") motion to dismiss Plaintiffs Mui Ho, Shelda Anglin,

23  and Ted Flory's ("Plaintiffs") First Amended Class Action

24  Complaint.  ECF No. 27 ("MTD"); ECF No. 21 ("FAC").  The motion is

25  fully briefed, ECF Nos. 32 ("Opp'n"),[1] 34 ("Reply"), and suitable

26  _____
    [1] The Court is concerned that Plaintiffs' excessively long
27  footnotes are attempts to circumvent the Local Rules' page limits
    by pushing material that should properly be in the body of
28  Plaintiffs' argument into the single-spaced footnote format.  See,
    e.g., Opp'n at 10 nn.5-6.; Civ. L.R. 7-4(b).  Plaintiffs are warned

United States District Court
For the Northern District of California

1   for decision without oral argument, Civ. L.R. 7-1(b).  For the

2   reasons explained below, the Court GRANTS in part and DENIES in

3   part Defendants' motion.

4

5   **II.   BACKGROUND**

6        The named Plaintiffs are three purchasers of Defendants' Lexus

7   RX vehicles produced between the years of 2004 and 2009 (the "Class

8   Vehicles").  FAC ¶ 1.  They bring this putative class action on

9   their own behalf and that of all other purchasers or lessees of the

10  Class Vehicles.  Id. ¶¶ 1, 80-89.  Plaintiffs claim that the Class

11  Vehicles' headlamp assemblies are defective because they are prone

12  to condensation and moisture retention.  Id. ¶¶ 3-4.  These

13  problems eventually cause the headlamps to become dangerously dim

14  or to fail completely, posing safety hazards and creating expense

15  for the Class Vehicles' owners.  Id. ¶¶ 5-7.  Plaintiffs allege

16  harms based on these hazards and expenses.  Id. ¶ 17-19.

17       Plaintiffs claim that they had no way to discover the alleged

18  defects until the headlamps began to pose problems.  See id. ¶¶ 48-

19  49.  However, they claim that Defendants were aware of the Class

20  Vehicles' headlamp problems as early as 2004, due to Defendants'

21  exclusive knowledge of and access to facts like "pre-release

22  testing data, early consumer complaints . . . , testing, and other

23  internal investigation conducted in response to those complaints."

24  Id. ¶¶ 48-49.  Despite this alleged knowledge, Defendants never

25  publicly disclosed any defects or issued a recall.  Id. ¶¶ 11-19,

26  57-58.  According to Plaintiffs, Defendants chose instead to

27

28  that use of these tactics in future filings could result in non-
    compliant portions of their papers being stricken.

United States District Court
For the Northern District of California

1  provide haphazard "temporary fixes" that provided stopgap relief to
2  consumers until the problem inevitably manifested again after the
3  Class Vehicles' express warranty periods.  Id. ¶¶ 11-19.  As
4  further proof of Defendants' knowledge of the alleged defect and
5  failure to disclose it, Plaintiffs point to Defendants' issuance of
6  two technical service informational bulletins ("TSIB(s)") to their
7  dealers in 2007 and 2010.  Id.  Both TSIBs addressed the alleged
8  headlamp defect.  Id.  The 2007 TSIB stated that dealers could
9  provide new headlamps to replace the old ones, and the 2010 TSIB
10 informed dealers that "improved headlamp housings" were available
11 to replace the old headlamps.  Id. ¶¶ 8-12.  Plaintiffs allege that
12 all of these repair parts were defective too.  Id.

13     Plaintiffs Ho and Flory bought used Class Vehicles in 2007 and
14 2011, respectively.  Id. ¶¶ 20, 30.  Plaintiff Anglin bought a new
15 Class Vehicle from an authorized dealer in 2006.  Id. ¶ 35.
16 Plaintiff Ho complained about her passenger side headlamp's
17 moisture problems three times, in January 2008, January 2010, and
18 January 2012.  Id. ¶¶ 20-28.  Each time she had it replaced at one
19 of Defendants' dealerships.  Id.  Her 2008 repair was covered under
20 her warranty, but Plaintiff Ho paid $1,000 and $155.88,
21 respectively, for the latter two repairs.  Id. ¶¶ 24, 28.
22 Plaintiff Anglin complained about a similar problem in March 2008
23 and again in either December 2008 or January 2009.  Id. ¶¶ 32-33.
24 On her first visit, Defendants' dealer verified her complaint but
25 refused to repair it, contending that such moisture issues were
26 normal and not repairable.  Id. ¶ 32.  On the second visit, the
27 dealer again verified her problems and refused repair, stating that
28 water intrusion and oxidation were not covered under her warranty.

1  Id. ¶ 33.  Plaintiff Flory first complained about his headlamp in

2  January 2012, bringing it to a dealer per Defendants' instructions

3  in February 2012.  Id. ¶¶ 37-38.  There he was told that Toyota

4  would repair the headlamp for $185.  Id.  He refused the repair and

5  the charges, choosing instead to attempt to remedy his headlamp's

6  moisture problems on his own.  Id. ¶ 38.

7       Based on the facts described above, Plaintiffs initially

8  asserted six causes of action against Defendants: (1) violation of

9  California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code

10 §§ 1750 et seq.; (2) violation of California's Unfair Competition

11 Law ("UCL"), Cal. Bus & Prof. Code §§ 17200 et seq., pursuant to

12 California's Secret Warranty Law, Cal. Civ. Code §§ 1795.90 et

13 seq.; (3) violation of the UCL on grounds other than violation of

14 California's Secret Warranty Law; (4) fraud by omission; (5) breach

15 of implied warranty pursuant to the Song-Beverly Consumer Warranty

16 Act, Cal. Civ. Code §§ 1792 and 1791.1 et seq.; and (6) breach of

17 express warranty under California Commercial Code section 2313,

18 exclusively asserted against Defendant TMS.  In their opposition

19 brief, Plaintiffs withdrew their UCL claim based on the California

20 Secret Warranty Law.  Opp'n at 24 n.23.  Defendants' motion to

21 dismiss asserts that Plaintiffs fail to state claims under any of

22 the remaining five causes of action.  See MTD at 1-2.

23

24 III.    **LEGAL STANDARD**

25      A.   **Motions to Dismiss**

26      A motion to dismiss under Federal Rule of Civil Procedure

27 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

28 Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

on the lack of a cognizable legal theory or the absence of
sufficient facts alleged under a cognizable legal theory."
Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
1988).  "When there are well-pleaded factual allegations, a court
should assume their veracity and then determine whether they
plausibly give rise to an entitlement to relief."  Ashcroft v.
Iqbal, 556 U.S. 662, 679 (2009).  However, "the tenet that a court
must accept as true all of the allegations contained in a complaint
is inapplicable to legal conclusions.  Threadbare recitals of the
elements of a cause of action, supported by mere conclusory
statements, do not suffice."  Id. (citing Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007)).  The court's review is
generally "limited to the complaint, materials incorporated into
the complaint by reference, and matters of which the court may take
judicial notice."  Metzler Inv. GMBH v. Corinthian Colls., Inc.,
540 F.3d 1049, 1061 (9th Cir. 2008) (citing Tellabs, Inc. v. Makor
Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

   **B.   Rule 9(b)**

   Claims sounding in fraud are subject to the heightened
pleading requirements of Federal Rule of Civil Procedure 9(b),
which requires that a plaintiff alleging fraud "must state with
particularity the circumstances constituting fraud."  See Kearns v.
Ford Motor Co., 567 F. 3d 1120, 1124 (9th Cir. 2009).  "To satisfy
Rule 9(b), a pleading must identify the who, what, when, where, and
how of the misconduct charged, as well as what is false or
misleading about [the purportedly fraudulent] statement, and why it
is false."  United States ex rel Cafasso v. Gen. Dynamics C4 Sys.,
Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks

1 and citations omitted).

2

3 **IV.**   **DISCUSSION**

4    **A.**   **Warranty Claims**

5         **i.**   **Breach of Implied Warranty**

6         The Song-Beverly Consumer Warranty Act, Cal. Civ. Code §

7 1792 ("Song-Beverly"), provides that "every sale of consumer goods

8 that are sold at retail in [California] shall be accompanied by the

9 manufacturer's and the retail seller's implied warranty that the

10 goods are merchantable."  "Consumer goods" means "any new product

11 or part thereof that is used, bought, or leased for use primarily

12 for personal, family, or household purposes, except for clothing

13 and consumables."  Id. § 1791(a).

14         Defendants argue that Plaintiffs' claims under Song-Beverly

15 fail as to Plaintiffs Ho and Flory, because they purchased used

16 Class Vehicles.  MTD at 5.  Defendants apparently concede that

17 Plaintiff Anglin has a valid claim under this cause of action,

18 since they do not argue otherwise.  See id.; Opp'n at 23 n.20.

19 Plaintiffs respond as to Plaintiff Ho that Song-Beverly applies to

20 used goods notwithstanding section 1791 if an express warranty was

21 given during the used goods' sale.  They claim that she may plead

22 an implied warranty claim under Song-Beverly, because there is no

23 dispute that she was given an express warranty when she bought her

24 used Class Vehicle, and because a defendant can be held to have

25 breached an implied warranty by selling a product with a latent

26 defect.  Opp'n at 23 (citing Cal. Civ. Code § 1795.5(c); Mexia v.

27 Rinker Boat Co., 174 Cal. App. 4th 1297, 1304-05 (Cal. Ct. App.

28 2009)).  Plaintiffs concede that they have no claim as to Plaintiff

**United States District Court**
For the Northern District of California

1  Flory under Song-Beverly, because his express warranty had expired
2  by the time he purchased his Class Vehicle.  Id. at 24.

3       The Court finds that Plaintiffs have not pled a breach of
4  implied warranty as to Plaintiff Ho.  Song-Beverly provides that
5  the duration of the implied warranty for used goods extends only up
6  to three months after purchase from a distributor or retail seller.
7  Plaintiffs did not plead exactly when or from whom Plaintiff Ho
8  purchased her Class Vehicle in 2007, and the Court cannot assume,
9  without facts, that Plaintiff Ho's purchase of her Class Vehicle
10 fell within Song-Beverly's time limits, or that she purchased her
11 Class Vehicle from a "distributor or retail seller" per Song-
12 Beverly.

13      As to Plaintiff Ho, Plaintiffs' claim for breach of implied
14 warranty is DISMISSED.  Plaintiffs have leave to amend this claim
15 if they can plead that Plaintiff Ho purchased her Class Vehicle
16 from a dealer or retailer seller within the implied warranty period
17 provided by Song-Beverly.  This claim is undisturbed as to
18 Plaintiff Anglin.

19              **ii.    Breach of Express Warranty**

20      Plaintiffs' claim for breach of express warranty is based on
21 California Commercial Code section 2313.  "To prevail on a breach
22 of express warranty claim, the plaintiff must prove: (1) the
23 seller's statements constitute an affirmation of fact or promise or
24 a description of the goods; (2) the statement was part of the basis
25 of the bargain; and (3) the warranty was breached."  Weinstat v.
26 Dentsply Int'l, Inc., 180 Cal. App. 4th 1213, 1227 (Cal. Ct. App.
27 2010) (internal quotation marks and citation omitted).

28      The Class Vehicles come equipped with a four-year, 50,000-mile

New Vehicle Limited Warranty ("NVLW"), which covers "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by [Defendants] . . . ."  FAC ¶ 142. Plaintiffs assert against Defendant TMS alone that, in responding to the Class Vehicles' headlamp problems with temporary fixes and defective parts, and in Plaintiff Anglin's case refusing to honor the NVLW, TMS breached an express warranty.  Opp'n at 20-21 (citing FAC ¶¶ 96, 141-42).  Plaintiffs concede that Plaintiff Flory has no standing to bring a claim under this cause of action, thereby limiting their claim to Plaintiffs Ho and Anglin.  See Opp'n at 23 n.19.  The parties do not appear to contest that the NVLW is an affirmation of fact or a promise, or that it was part of the basis of the bargain.  They contest whether it was breached and whether Plaintiffs have standing to bring claims for breach of express warranty.  See MTD at 5-10; Reply at 13-14.

### a.   Plaintiff Ho

As to Plaintiff Ho, Plaintiffs claim that "[b]y replacing a defective part with another defective part in [Plaintiff Ho's] vehicle in January 2008 . . . [TMS] breached its NVLW because it failed to 'correct [the] defect' under its warranty."  Opp'n at 21. In so clarifying their allegations from the FAC, Plaintiffs apparently concede that Plaintiff Ho's 2010 and 2012 repairs fall outside the express warranty, since they do not dispute Defendants' arguments that Plaintiff Ho's Class Vehicle had exceeded the NVLW's mileage limitations by those points.  See Opp'n at 21-22; MTD at 8-10.

The Court finds that Plaintiffs fail to plead a breach of express warranty as to Plaintiff Ho.  The NVLW covers "repairs and

United States District Court
For the Northern District of California

8

adjustments needed to correct defects in materials or workmanship of any part supplied by [Defendants]," and regardless of any alleged defects in replacement parts, that is what Defendants provided to Plaintiff Ho.  Defendant TMS did not breach the NVLW by acting in conformance with it during Plaintiff Ho's 2008 repair. Moreover, the fact that the problem arose again after the warranty period, in 2010 and 2012, cannot be the basis of a breach of express warranty claim.  The California Court of Appeals in Daugherty v. American Honda Motor Company Inc., 144 Cal. App. 4th 824 (Cal. Ct. App. 2006), made that point of law very clear:

> Opening the door to [a theory of liability based on a product's failure outside the warranty period] would change the landscape of warranty and product liability law in California.  Failure of a product to last forever would become a 'defect,' a manufacturer would no longer be able to issue limited warranties, and product defect litigation would become as widespread as manufacturing itself.

Id. at 829; see also Anunziato v. eMachines, Inc., 402 F. Supp. 2d 1133, 1135-36 (C.D. Cal. 2005) (applying that principle), Brothers v. Hewlett-Packard Co., No. C 06-2254 RMW, 2006 U.S. Dist. LEXIS 82027 at *25 (N.D. Cal. Oct. 31, 2006) (same).

Accordingly, Plaintiffs' claim for breach of express warranty is therefore DISMISSED WITH PREJUDICE as to Plaintiff Ho.

### b. **Plaintiff Anglin**

As to Plaintiff Anglin, Plaintiffs assert that Defendants breached the NVLW when they refused to repair Plaintiff Anglin's headlamps during the warranty period.  FAC ¶¶ 32-33.  Defendants argue that Plaintiffs do not plead a claim as to Plaintiff Anglin because she did not contact Toyota directly to seek assistance with her warranty claim, as the NVLW directs.  MTD at 10.  Rather,

**United States District Court**
For the Northern District of California

1   Plaintiff Anglin only contacted a Toyota-licensed servicing dealer.

2   Id.  Defendants claim that to bring a proper breach of express

3   warranty as to Plaintiff Anglin, Plaintiffs must have first

4   notified Defendants of the problem.   Id.

5        In response, Plaintiffs rely primarily on two cases, Keegan v.

6   American Honda Motor Co., Inc., 838 F. Supp. 2d 929, 950-51 (C.D.

7   Cal. 2012), and In re Toyota Motor Corp. Unintended Acceleration

8   Marketing, Sales Practices, and Products Liab. Litig., 754 F. Supp.

9   2d 1145, 1173 (C.D. Cal. 2010).  These cases in turn rely chiefly

10  on Justice Traynor's opinion in Greenman v. Yuba Power Prods, Inc.,

11  59 Cal. 2d 57 (Cal. 1963), which held that timely notice of a

12  breach of an express warranty is not required if the action is

13  against a manufacturer and is brought "by injured consumers against

14  manufacturers with whom they have not dealt."  Id. at 61.  The

15  rationale for that holding was that "[b]etween the immediate

16  parties to the sale [the notice requirement] is a sound commercial

17  rule, designed to protect the seller against unduly delayed claims

18  for damages.  As applied to personal injuries, and notice to a

19  remote seller, it becomes a booby-trap for the unwary."  Id.

20  Defendants respond that Greenman and its progeny do not apply in a

21  commercial setting, since the plaintiff in Greenman was physically

22  injured.  Reply at 14.  Defendants also argue, without any

23  elaboration, that Keegan and Toyota stretched Greenman's holding

24  "to an illogical extreme."  Id.

25       In Keegan, the plaintiff bought a car from a dealership and

26  then sued the manufacturer instead of the dealership for breach of

27  express warranty, alleging that the car's tires prematurely wore

28  down and posed a safety risk.  838 F. Supp. 2d at 949-51.  The

defendants in <u>Keegan</u> argued that the plaintiff should have given notice to the dealership first, thereby giving them an opportunity to cure the defect, rather than suing the manufacturer immediately. <u>Id.</u> at 950-51.  Rejecting this argument, the <u>Keegan</u> court followed <u>Greenman</u>, holding that "under California law, a consumer need not provide notice to a manufacturer before filing suit against them." <u>Id.</u> (citing <u>Greenman</u>, 59 Cal. 2d at 61).

In <u>Toyota</u>, the plaintiff bought a car from a dealership and sued the manufacturer for breach of express warranty because the car would accelerate unexpectedly and uncontrollably.  754 F. Supp. 2d at 1171-72, 1180.  This posed an obvious safety hazard.  <u>Id.</u> The court held that the plaintiffs who bought their cars directly from the manufacturer were subject to the notice requirement, but that as to the plaintiffs who bought their cars from dealerships, the notice requirement was "excused as to a manufacturer with which the purchaser did not deal."  <u>Id.</u> at 1180.

The Court sees no reason to conclude, as Defendants urge, that the <u>Keegan</u> or <u>Toyota</u> courts stretched <u>Greenman</u> to an illogical extreme.  Rather, those courts held, consistent with California law, that where a customer pleads injuries arising from a product purchased from a dealer, the notice requirement as to the manufacturer is waived.  <u>See, e.g.</u>, <u>Greenman</u>, 59 Cal. 2d at 61. The Court finds that Plaintiffs did not need to provide Defendants with notice of Plaintiff Anglin's claims before bringing a breach of express notice claim as to her.  Further, like other courts in this district and elsewhere, the Court finds that <u>Greenman</u> imposes no physical injury requirement on plaintiffs who bring a breach of express warranty claim against a manufacturer for a defective

1  product purchased from a dealer.  <u>See, e.g.</u>, <u>Keegan</u>, 838 F. Supp.

2  2d at 951; <u>Toyota</u>, 754 F. Supp. 2d at 1171-72; <u>Greenman</u>, 59 Cal. 2d

3  at 61.

4       The Court finds that Plaintiffs sufficiently pled a breach of

5  express warranty claim as to Plaintiff Anglin.  Defendants' motion

6  is DENIED as to this claim.

7       **B.   <u>Fraud Claims</u>**

8       Plaintiffs' claims under the CLRA and UCL, like their fraud by

9  omission claim, sound in fraud because plaintiffs allege "a unified

10  course of fraudulent conduct and rely entirely on that conduct" in

11  bringing these claims.  <u>Kearns</u>, 567 F. 3d at 1124.  These claims

12  are therefore subject to the heightened pleading requirement of

13  Federal Rule of Civil Procedure 9(b).  <u>See</u> <u>id.</u> ("[W]e have

14  specifically ruled that Rule 9(b)'s heightened pleading standards

15  apply to claims for violations of the CLRA and UCL.").

16          **i.   <u>CLRA</u>**

17       The CLRA prohibits "unfair methods of competition and unfair

18  or deceptive acts or practices."  Cal. Civ. Code § 1770.

19  Plaintiffs rely on sections 1770(a)(5) and 1770(a)(7) of the CLRA,

20  which respectively prohibit "[r]epresenting that goods or services

21  have sponsorship, approval, characteristics, ingredients, uses,

22  benefits, or quantities which they do not have" and "[r]epresenting

23  that goods or services are of a particular standard, quality, or

24  grade, or that goods are of a particular style or model, if they

25  are of another."

26       These sections of the CLRA are held to encompass both

27  representations, per the explicit text of the statute, as well as

28  omissions.  <u>Daugherty</u>, 144 Cal. App. 4th at 835.  To be actionable,

an omission must be "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." Id. A fact is material, rendering a defendant potentially obligated to disclose it, if a "reasonable consumer would deem it important in determining how to act in the transaction at issue." Collins, 202 Cal. App. 4th at 255. When "a plaintiff's claim is predicated on a manufacturer's failure to inform its customers of a product's likelihood of failing outside the warranty period, the risk posed by such asserted defects cannot be 'merely' the cost of the product's repair . . . rather, for the omission to be material, the failure must pose 'safety concerns.'" Smith v. Ford Motor Co., 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010) (citing Daugherty, 144 Cal. App. 4th at 835-38). Therefore, "under California law . . . [a] manufacturer's duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue." Id. at 988; see also Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1141 (9th Cir. 2012).

Nondisclosure or concealment of a material fact that a defendant was obliged to disclose can be actionable in four situations: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; or (4) when the defendant makes partial representations but also suppresses some material fact. LiMandri v. Judkins, 52 Cal. App. 4th 326, 336-37 (Cal. Ct. App. 1997). As the Ninth Circuit has recently cautioned, in the context of product defect claims, "California courts have generally rejected a broad obligation to

**United States District Court**
For the Northern District of California

1   disclose." <u>Wilson</u>, 668 F.3d at 1142.

2       Plaintiffs' CLRA claims are based on their allegations that

3   Defendants had a duty to disclose the alleged defect's safety and

4   cost ramifications but fraudulently refused to do so.[2]  <u>See</u> FAC ¶¶

5   94-104, Opp'n at 7-8.[3]  Plaintiffs allege that Defendants' failure

6   to disclose these facts is actionable because (1) Defendants had

7   exclusive knowledge of the material fact that the headlamps were

8   defective, or, alternatively, (2) Defendants actively concealed

9   that material fact. <u>See</u> Opp'n at 15-16.  Both theories require the

10  existence of a material fact.

11              **a.    The Class Vehicles' Headlamp Problem Was**

12                     **Material**

13      Plaintiffs allege that the Class Vehicles' headlamp problems

14  were inherently unsafe because the headlamps could shut off

15  randomly, posing a safety hazard when driving at night or in unsafe

16  conditions.[4]  Plaintiffs further allege that they would not have

17  purchased the Class Vehicles had they known of the headlamps'

18  ─────────────────────

19  [2] Plaintiffs argue in a footnote that Defendants waived their right
    to respond to Plaintiffs' arguments about safety by not

20  anticipating Plaintiffs' reliance on such arguments and rebutting
    them in its MTD.  <u>See</u> Opp'n at 9 n.3.  This argument fails.
    Defendants raised the issue, however briefly, and cannot

21  realistically be expected to predict and rebut every argument
    Plaintiffs might make in their opposition brief.

22
    [3] In clarifying this theory in their opposition brief, Plaintiffs

23  apparently abandon the FAC's allegations that Defendants made
    explicit representations under the CLRA.  <u>See</u> FAC ¶ 94.

24
    [4] Plaintiffs also argue for a separate duty to disclose the

25  headlamp defect within the warranty period, based on material non-
    safety reasons, but these arguments are not supported by the law,

26  and the Court need not address them since it finds a duty to
    disclose for safety reasons.  <u>See</u> <u>Ford Motor</u>, 749 F. Supp. 2d at

27  987 (stating that for an omission to be material, the failure to
    disclose must pose safety concerns) (citing <u>Daugherty</u>, 144 Cal.

28  App. 4th at 835-38).

issues.  FAC ¶ 17.  Defendants argue that <u>Daugherty</u> and an earlier

case, <u>Bardin v. DaimlerChrysler Corp.</u>, 136 Cal. App. 4th 1255,

1261-62 (Cal. Ct. App. 2006), require a plaintiff to have actually

been injured before an omission as to an alleged safety defect can

be held material and actionable.  <u>See</u> Reply at 5-8.

Defendants are wrong.  <u>Daugherty</u> stated, as Defendants quote,

that a duty to disclose may arise if a plaintiff alleges "physical

injury <u>or</u> . . . safety concerns posed by the defect." <u>Daugherty</u>,

144 Cal. App. 4th at 836 (emphasis added) (citing <u>Bardin</u>, 136 Cal.

App. 4th at 1261-62).  <u>Daugherty</u> and cases following it, including

<u>Falk v. General Motors Corp.</u>, 496 F. Supp. 2d 1088 (N.D. Cal.

2007), which Defendants also cite, held that a fact can give rise

to a duty to disclose and an actionable omission if it implicates

safety concerns that a reasonable consumer would find material.

<u>Falk</u>, 496 F. Supp. 2d at 1096-97; <u>Daugherty</u>, 144 Cal. App. 4th at

836.  This is a basic rule of California law.  Contrary to

Defendants' concerns, Reply at 8, this uncontroversial holding does

not render the word "safety" in a plaintiff's pleadings a talisman

that forces a duty to disclose -- plaintiffs must still plead facts

showing a material safety defect.  Nor does it mean that a

product's failure to last forever is an actionable defect, since

such a failure is obviously distinct from a product's safety risks.

<u>See</u> <u>id.</u>  Defendants' attempts to restate the rule of <u>Daugherty</u> and

subsequent cases are unavailing.

Defendants also cite the appellate decision from <u>Smith v.</u>

<u>Ford Motor Company</u>, 462 Fed. App'x 660, 663 (9th Cir. 2011), <u>aff'g</u>

749 F. Supp. 2d 980 (N.D. Cal. 2010), to support their contention

that Plaintiffs' alleged "safety risk" was "inherently speculative

or implausible" and therefore cannot be the basis for a duty to disclose.  In <u>Ford Motor</u>, the Ninth Circuit affirmed the district court's finding that the plaintiffs did not plead a safety defect because they did not adequately show how problems with a car's ignition lock (i.e., a driver's inability to start or shut off the car's engine) posed an unreasonable safety hazard.  <u>Id.</u>

In the instant matter, the Court finds that Plaintiffs successfully showed that the alleged defect posed a genuine safety risk because a headlamp flickering or going out at night or in inclement weather could put the car's driver in danger.  A reasonable consumer would consider this risk material because of the inherent risks of physical injury in the event of a headlamp-related accident, or the costs associated with continually repairing problematic headlamps.  Moreover, Plaintiffs point to sections of the California Vehicular Code requiring working headlamps for safety purposes, providing further support for their claim that defective or inoperative headlamps pose a public safety hazard.  <u>See</u> FAC ¶¶ 51 (citing Cal. Veh. Code § 24400).  Defendants respond that the possibility of headlamp failure after years of use is not actually an "unreasonable safety risk," and that the accumulation of water in the Class Vehicles' headlamps is "readily observable," Reply at 9, but these disputes raise questions of fact that are inappropriate for a Rule 12(b)(6) motion to dismiss.

The Court finds that Plaintiffs have adequately alleged that Defendants had a duty to disclose the headlamp problems.

**b.   <u>Exclusive Knowledge of a Material Fact</u>**

An actionable omission can arise "when the defendant had exclusive knowledge of material facts not known to the plaintiff."

16

1   Judkins, 52 Cal. App. 4th at 337.  As discussed above, Plaintiffs

2   adequately alleged that the Class Vehicles' headlamp problem is

3   material.  Section IV.B.i.a, supra.  Plaintiffs allege that

4   Defendants had a duty to disclose facts about the headlamp defect

5   because they had exclusive knowledge of those facts.  Opp'n at 15.

6   To support this allegation, Plaintiffs claim that Defendants had

7   non-public, internal data about the Class Vehicles' headlamp

8   problems, including "pre-release testing data, early consumer

9   complaints about the defect to Defendants' dealers who are their

10  agents for vehicle repairs, dealership repair orders, testing

11  conducted in response to those complaints, and other internal

12  sources."  Id.

13      Defendants claim that Plaintiffs' pleadings are conclusory and

14  that Plaintiffs merely parroted boilerplate allegations similar to

15  those in other class actions.  See Reply at 10-11.  These are not

16  compelling responses.  Plaintiffs sufficiently alleged enough non-

17  conclusory facts to support their claim.  At this stage of

18  litigation, Plaintiffs have provided the Court with sufficient

19  detail to make a determination about Defendants' knowledge relative

20  to that of its customers.

21      The Court finds that Plaintiffs' allegations support their

22  claims that Defendants had exclusive knowledge of the headlamp

23  issue such that a failure to disclose it would be actionable.

24              c.   **Active Concealment of Material Facts**

25      "[W]hen the defendant actively conceals a material fact from

26  the plaintiff," a failure to disclose that fact can be actionable.

27  Judkins, 52 Cal. App. 4th at 337.  To state a claim for active

28  concealment, a plaintiff must plead the following five elements:

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7

> (1) the defendant must have concealed or
> suppressed a material fact, (2) the
> defendant must have been under a duty to
> disclose the fact to the plaintiff, (3) the
> defendant must have intentionally concealed
> or suppressed the fact with the intent to
> defraud the plaintiff, (4) the plaintiff
> must have been unaware of the fact and would
> not have acted as he did if he had known of
> the concealed or suppressed fact, and (5) as
> a result of the concealment or suppression
> of the fact, the plaintiff must have
> sustained damage.

8  Lovejoy v. AT&T Corp., 119 Cal. App. 4th 151, 157 (Cal. Ct. App.

9  2004). These are essentially the same elements of a fraud by

10 omission claim. Compare id. with SCC Acquisitions, Inc. v. Cent.

11 Pac. Bank., 207 Cal. App. 4th 859, 863 (Cal. Ct. App. 2012)

12 (providing fraud by omission elements).

13      Plaintiffs adequately pled that the Class Vehicles' headlamp

14 problem was material and that Defendants had a duty to disclose it.

15 See Section IV.B.i.a supra. Plaintiffs allege the elements of

16 knowledge and intent to conceal by citing to multiple other

17 consumers' similar complaints, as well as Defendants' decisions to

18 repair Class Vehicles' headlamps only temporarily, or to replace

19 them with other defective parts. See, e.g., id. ¶¶ 2, 7, 14, 16,

20 17 (knowledge of the defect), 7, 17, 56, 58 (intent to conceal it).

21 Further, as to reliance, Plaintiffs allege that they would not have

22 purchased the Class Vehicles had they known of the headlamp issue.

23 See id. ¶¶ 17, 18, 61, 99, 116, 127. Finally, Plaintiffs pled

24 facts showing adequate grounds for damages based on costs of repair

25 and being exposed to the risk of automobile accidents and moving

26 violations. See, e.g., id. ¶¶ 6, 13, 17-19, 24, 26, 28, 38, 50.

27 These facts support Plaintiffs' allegation that Defendants actively

28 concealed the truth of the Class Vehicles' headlamp problem from

**United States District Court**
For the Northern District of California

1  the public.

2      The Court finds that Plaintiffs allege sufficient facts to

3  support a claim under the CLRA.  Defendants' motion to dismiss

4  Plaintiffs' CLRA claims is therefore DENIED.

5                    **ii.   Fraud by Omission**

6      To plead fraud by omission under California law, a plaintiff

7  must show (1) the concealment or suppression of material fact, (2)

8  a duty to disclose the fact to the plaintiff, (3) intentional

9  concealment with intent to defraud, (4) justifiable reliance, and

10 (5) resulting damages.  SCC Acquisitions, 207 Cal. App. 4th at 863.

11 Claims for fraud must be pled at a heightened standard of

12 specificity per Federal Rule of Civil Procedure 9(b).  However,

13 because a plaintiff bringing fraud by omission claims "will not be

14 able to specify the time, place, and specific content of an

15 omission as precisely as would a plaintiff in a false

16 representation claim," plaintiffs may plead fraud by omission by

17 alternative means.  Falk, 496 F. Supp. 2d at 1098-99.

18     The elements for fraud by omission were addressed in a

19 different context above, in which the Court found that Plaintiffs

20 stated a claim for Defendants' active concealment of a material

21 safety defect.  See supra Section IV.B.i.c.  The elements are the

22 same here, and the Court need not restate them.  The Court finds

23 that Plaintiffs have adequately pled a fraud by omission claim.

24 Defendants' motion to dismiss this claim is DENIED.

25                  **iii.   Violations of the UCL**

26     California Business & Professions Code § 17200 prohibits acts

27 of "unfair competition," including any "unlawful, unfair or

28 fraudulent business act or practice."  "Because [section 17200] is

19

**United States District Court**
For the Northern District of California

1   written in the disjunctive, it establishes three varieties of

2   unfair competition -- acts or practices which are unlawful, or

3   unfair, or fraudulent." <u>Berryman v. Merit Prop. Mgmt., Inc.</u>, 152

4   Cal. App. 4th 1544, 1554 (Cal. Ct. App. 2007).

5        Plaintiffs allege that Defendants' knowledge and concealment

6   of the Class Vehicles' headlamps' problems were "unfair competition

7   and unlawful, unfair, and fraudulent business practices" under the

8   UCL.  FAC ¶¶ 113-121.  Plaintiffs clarify in their opposition brief

9   that they plead violations of each prong.  Opp'n at 17-18.

10                  **a.   <u>Unlawful Practices</u>**

11       Plaintiffs can plead a UCL violation under the "unlawfulness"

12  prong by pleading that a business practice violated a predicate

13  federal, state, or local law.  <u>See</u> <u>Cel-Tech Commc'ns, Inc. v. Los</u>

14  <u>Angeles Cellular Tel. Co.</u>, 20 Cal. 4th 163, 180 (Cal. 1999) (citing

15  <u>State Farm Fire & Cas. Co. v. Superior Court</u>, 45 Cal. App. 4th

16  1093, 1103 (Cal. Ct. App. 1996)).  Plaintiffs state that their

17  claims are predicated on Defendants' alleged violations of the CLRA

18  and California's express and implied warranty statutes.  <u>See</u> Opp'n

19  at 18.  The Court finds that Plaintiffs' allegations showing that

20  Defendants' concealment violates the CLRA and California's express

21  warranty statute is sufficient to support Plaintiffs' claims under

22  the unlawful prong of the UCL.

23                **b.   <u>Unfair Business Practices</u>**

24       To support their unfairness claim, Plaintiffs cite <u>McKell v.</u>

25  <u>Washington Mutual, Inc.</u>, 142 Cal. App. 4th 1457, 1473 (Cal. Ct.

26  App. 2006), which held that "[a] business practice is unfair within

27  the meaning of the UCL if it violates established public policy or

28  if it is immoral, unethical, oppressive or unscrupulous and causes

1  injury to consumers which outweighs its benefits."[5]  Under this

2  approach, California courts balance the "impact of [the business

3  practice] on its alleged victim" against "the reasons,

4  justifications, and motives of the alleged wrongdoer."  Id.

5  Specifically regarding safety issues, this Court has stated that

6  "[f]ailing to provide safety information is a practice that

7  violates public policy."  Mourning v. SmithKline Beecham Corp., No.

8  C 08-04929 WHA, 2009 WL 733873, at *4 (N.D. Cal. Mar. 17, 2009).

9  Plaintiffs' opposition brief clarifies that "Defendants violated

10  the unfair prong by, among other things, actively concealing the

11  headlight defect and associated costs."  Opp'n at 18.

12      As stated above, Plaintiffs allege sufficient facts to state a

13  CLRA claim premised on Defendants' failure to disclose a material

14  safety problem.  See Section IV.B.i, supra.  The Court finds that

15  this failure to disclose violates public policy as well as the

16  CLRA.  See Mourning, 2009 WL 733873, at *4.  Therefore Plaintiffs

17  adequately plead a violation of the unfairness prong of the UCL.

### c.  **Fraudulent Business Practices**

19      To state a claim under the UCL's "fraudulent" prong,

20  plaintiffs must plead that a defendant's allegedly fraudulent

21  business practice is one "in which members of the public are likely

---

22  [5] California courts and the legislature have not specified which of
23  several possible "unfairness" standards is the proper one.  This
    Court recently found that the California Supreme Court would likely
24  adopt the approach to unfairness provided in Camacho v. Automobile
    Club of Southern California, 142 Cal. App. 4th 1394, 1402 (Cal. Ct.
25  App. 2006), which incorporated the three factors constituting
    unfairness under the Federal Trade Commission Act.  Lyons v. Bank
26  of America, N.A., No. 11-01232 CW, 2011 WL 3607608, at *10 (N.D.
    Cal. Aug. 15, 2011) (citing Camacho, 12 Cal. App. 4th at 1402).
27  However, without guidance from a controlling source, the Court
    cannot say that Plaintiffs' legal grounds for this claim are
28  improper, and Defendants have not argued that they are.

21

**United States District Court**
For the Northern District of California

1   to be deceived." <u>Id.</u> at *11 (citing <u>Morgan v. AT&T Wireless</u>

2   <u>Servs., Inc.</u>, 177 Cal. App. 4th 1235, 1254 (Cal. Ct. App. 2009)).

3   The Court finds that because Plaintiffs have sufficiently stated a

4   claim for fraud by omission and have pled a violation of the CLRA

5   based on a duty to disclose, Plaintiffs sufficiently plead a

6   violation of the UCL under the fraudulent prong.

7        Plaintiffs have adequately pled violations of each prong of

8   the UCL.  Defendants' motion to dismiss this claim is DENIED.

9

10  **V.    <u>CONCLUSION</u>**

11       For the reasons explained above, Defendants Toyota Motor

12  Corporation and Toyota Motor Sales U.S.A., Inc.'s motion to dismiss

13  Plaintiffs Mui Ho, Shelda Anglin, and Ted Flory's First Amended

14  Class Action Complaint is GRANTED in part and DENIED in part.  The

15  Court orders as follows:

16  •  Plaintiffs' claim for breach of implied warranty under the

17     Song-Beverly Act is DISMISSED with leave to amend as to

18     Plaintiff Ho.  This claim is undisturbed as to Plaintiff

19     Anglin.

20  •  Plaintiffs' claim for breach of express warranty as to

21     Plaintiff Ho is DISMISSED WITH PREJUDICE.  This claim is

22     undisturbed as to Plaintiff Anglin.

23  •  Plaintiffs' fraud by omission claim is undisturbed.

24  •  Plaintiffs' CLRA claim is undisturbed.

25  •  Plaintiffs' UCL claim is undisturbed.

26  Plaintiffs have leave to amend their claim for breach of implied

27  warranty under the Song-Beverly Consumer Warranty Act only if they

28  are able to plead that Plaintiff Ho purchased her Class Vehicle

from a dealer or retailer seller within the implied warranty period provided by that statute.  Plaintiffs have thirty (30) days from this Order's signature date to file an amended complaint.  All filings are subject to Rule 11, and since Plaintiffs have amended their complaint once, they may not re-plead any additional facts or causes of action without requesting leave from the Court.  If Plaintiffs do not file an amended complaint, the deficient claim may be dismissed with prejudice.

IT IS SO ORDERED.

Dated: March <u>14</u>, 2013



UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

23